UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY LANDEEN and NEIL LUCAS, ) | |
| individually and on behalf of PhoneBILLit, Inc., ) | |
| as shareholders, ) | |
|       Plaintiffs, ) | |
| ) | |
| PHONEBILLIT, INC. ) | |
|       Plaintiff-Intervenor, ) | |
| ) | |
| vs. ) | 1:07-cv-0534-LJM-WTL |
| ) | |
| RILEY BENNET EGLOFF LLC and ) | |
| TIMOTHY FREEMAN, ) | |
|       Defendants. ) | |

**ORDER**

This cause is now before the Court on the pending motions in this cause: (1) Plaintiffs', Cindy Landeen ("Landeen") and Neil Lucas ("Lucas"), individually and on behalf of PhoneBILLit, Inc., as shareholders (collectively, "Plaintiffs"), Motion to Remand for Jury Trial to State Court in Marion County ("Plaintiffs' Motion to Remand"); (2) Plaintiffs' Motion to Disqualify Counsel; (3) Defendant's, Riley Bennett Egloff LLC ("RBE"), Motion to Dismiss for Lack of Jurisdiction; (4) Defendant's, Timothy Freeman ("Freeman") (defendants, collectively, "Defendants"), Motion to Dismiss; and (5) Plaintiffs' Motion to Stay Proceedings Pending Determination by Successor Receiver of PhoneBILLit, Inc., Debra McVicker Lynch, Sommer Barnard PC (the "Successor Receiver"). The Court notes that the Successor Receiver has intervened in this cause on behalf of PhoneBILLit to assert PhoneBILLit's interest, if any, in the claims asserted by Plaintiffs against Defendants.

Having considered the arguments of the parties, the Court rules as follows:

## I. BACKGROUND

On October 27, 2004, Landeen filed in state court a corporate dissolution action against PhoneBILLit and a related company, Mirror Media Company, Inc. (collectively, the "companies"). On November 3, 2004, the companies removed the action to the instant Court and the cause was styled *Landeen v. PhoneBILLit, Inc.*, Cause No. 1:04-cv-1815-LJM-WTL. Defendants in the instant cause were custodian (Freeman), and successor custodian and Receiver (RBE), in the *Landeen v. PhoneBILLit, Inc.*, matter.

In the *Landeen v. PhoneBILLit, Inc.*, matter, Plaintiffs filed objections to the Receiver's Report in Partial Settlement, as did the only other shareholder, Steven V. Sann ("Sann"). The Court resolved Sann's objections; however, Plaintiffs' objections remain pending in that cause. Plaintiffs' objections in that cause relate to certain allegations of wrongdoing by Defendants during their representation of PhoneBILLit. In addition, around the same time that the Receiver filed his Report in Partial Settlement in the *PhoneBILLit* cause, he also filed a motion to prevent Plaintiffs here from filing the instant action in state court because their claims, as alleged here, are assets of the PhoneBILLit estate rather than assets of the individual shareholders. The Court agreed and issued an Order that Plaintiffs file the instant allegations in this Court because they would be related to the receivership estate. *Landeen v. PhoneBILLit, Inc.*, 1:04-cv-1815, Order, Apr. 25, 2007.

In the instant cause, Plaintiffs allege that, for various reasons, Defendants committed malpractice and breached their fiduciary duty to PhoneBILLit during the course of their representation of PhoneBILLit in the *Landeen v. PhoneBILLit, Inc.*, cause.

## II. DISCUSSION

### A. DEFENDANTS' MOTIONS TO DISMISS

The Court addresses Defendants' Motions to Dismiss first because those motions focus on the jurisdiction of the Court to decide the claims brought before it. The Court notes at the outset that Defendants' argument that Plaintiffs' failure to seek permission of the Court to file their claims in and of itself precludes them is without merit. The Receiver brought Plaintiffs' intention to file these claims to the Courts attention himself. Moreover, the Court recognized this reality and explicitly stated in its April 25, 2007, Order in the *PhoneBILLit* case that claims related to the receivership estate in that case should be filed in this Court. *Landeen v. PhoneBILLit, Inc.*, 1:04-cv-1815, Order, Apr. 25, 2007.

Defendants also argue that any claims against them should have been filed as objections to the Receiver's Report in Partial Settlement and that the Court is obligated to decide those claims in the context of releasing Defendants from liability under the receivership statutes of the State of Indiana. This argument seems to miss the point of Plaintiffs' allegations in this case, which are based on negligence. The Indiana Court of Appeals has clearly stated that an appointed receiver may be held liable in negligence when he has breached a duty owed to either creditors or others with whom the receiver is in privity, or held liable for other misconduct in the administration of the receivership, including the distribution of assets. *Keybank Nat'l Ass'n v. Shipley*, 846 N.E.2d 290, 295-96 (discussing, *inter alia*, *ISP.com LLC v. Theising*, 805 N.E.2d 767, 772, 775 (Ind. 2004), *reh'g denied*; *Keybank Nat'l Ass'n v. Michael*, 737 N.E.2d 834 (Ind. Ct. App. 2000) ("*Michael*")) ("*Shipley*"). Specifically, the *Shipley* court cited with approval the outlines of receiver liability set forth in CORPUS JURIS SECUNDUM and in AMERICAN JURISPRUDENCE, SECOND EDITION. *Id.* at 296

(citing 75 C.J.S. *Receivers* § 192 (2002); 65 AM. JUR. 2D *Receivers* § 298 (2001)). CORPUS JURIS SECUNDUM teaches that "[a] receiver who acts outside his statutory authority or orders of the appointing court, or who is guilty of negligence or misconduct in the administration of the receivership, is personally liable for any loss resulting therefrom." 75 C.J.S. *Receivers* § 192 (2002). Similarly, AMERICAN JURISPRUDENCE, SECOND EDITION teaches that "[a] receiver is personally liable for improper distribution of assets." 65 AM. JUR. 2D *Receivers* § 298 (2001).

Defendants also contend that Plaintiffs do not have standing to bring negligence claims against them because those are claims of the corporation, PhoneBILLit, not of the shareholders themselves, and Plaintiffs have not fulfilled the requirements for bringing a derivative suit. The Court disagrees that Lucas' claim regarding the Receiver's treatment of the Brightpoint stock is a claim of the corporation. Rather, it seems that claim is more akin to a claim that the Receiver improperly distributed the assets of the corporation to the relevant creditors, harm for which, under *Shipley*, it appears that Lucas could recover. Moreover, the Court can exercise supplemental jurisdiction over his claim as it has jurisdiction over the receivership. *See Tcherepnin v. Franz*, 485 F.2d 1251, 1255 (7th Cir. 1973).

With respect to Plaintiffs' allegations that the Receiver's negligence harmed the corporate estate,[1] PhoneBILLit, through the Successor Receiver has intervened in this suit. Moreover, through her brief on the instant matters, the Successor Receiver has indicated a willingness to negotiate a settlement of the claims on behalf of the corporation. The Court considers this affirmation that the Successor Receiver does intend to pursue the claims brought herein on behalf of the corporation.

---

[1] Landeen has no other claim. Therefore, the Court concludes that until such time as the Successor Receiver releases them to the shareholders, Landeen does not have standing.

Although she may seek later to release those claims to the shareholders, having intervened in the case and exerted the right to negotiate a settlement of the claims herein for the benefit of PhoneBILLit, the PhoneBILLit now stands as the proper plaintiff. As such, the Court will rely on its ancillary jurisdiction to retain this case. *See Tcherepnin*, 485 F.2d at 1255.

For these reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motions to Dismiss.

### B.  PLAINTIFFS' REMAINING MOTIONS

This cause was originally filed in this Court; therefore, there is nothing to remand. *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.2d 263, 270 (3d Cir. 2002); *Reynolds v. Harris-Spicer*, No. 1:05-cv-527, 2007 WL 1657406, at *4 (W.D. Mich. June 7, 2007). For this reason, Plaintiffs' Motion to Remand is **DENIED**.

With respect to Plaintiffs' Motion to Disqualify Counsel for RBE, the Court cannot agree that RBE's counsel, Lewis Wagner, LLP, appeared in the *PhoneBILLit* cause on behalf of the Receiver in his official capacity or for the receivership itself. It has been infinitely clear that Lewis Wagner was hired by the Receiver to represent the Receiver's interests as against the corporation or creditors of the receivership. Plaintiffs' Motion to Disqualify Counsel is **DENIED**.

Plaintiffs' Motion for Stay is **DENIED** because the Court considers the Successor Receiver's willingness to negotiate on behalf of the PhoneBILLit estate a settlement of the instant claims evidence of the Successor Receiver's intention to pursue the instant claims.

### III. CONCLUSION

For the foregoing reasons, defendants', Riley Bennett Egloff LLC, and Timothy Freeman, Motions to Dismiss (Docket Nos. 25 and 31) are **GRANTED in part and DENIED in part**. Plaintiffs', Cindy Landeen and Neil Lucas, Motion to Remand, Motion to Disqualify Counsel and Motion to Stay are **DENIED**. The Clerk of the Court is directed to align intervenor PhoneBILLit, Inc., as a party plaintiff, and to terminate Cindy Landeen as a plaintiff.

IT IS SO ORDERED this 11th day of April, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

David J. Beach
EIHHORN EIHHORN LLP
dbeach@eichhorn-law.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Gregory Allen Crisman
EIHHORN EIHHORN LLP
gcrisman@eichhorn-law.com

Mary Terese Doherty
SOMMER BARNARD ATTORNEYS, PC
mdoherty@sommerbarnard.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Brett Y. Hoy
LEWIS & WAGNER
bhoy@lewiswagner.com

David Charles Jensen
EICHHORN & EICHHORN
djensen@eichhorn-law.com

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com