UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEIL LUCAS, Individually and on Behalf of Phonebillit, Inc., As Shareholder,<br>　　　Plaintiff,<br><br>　　vs.<br><br>RILEY BENNETT EGLOFF, LLC,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)　　1:07-cv-534-LJM-JMS<br>)<br>)<br>)<br>) |

## **ORDER**

This matter comes before the Court on the following motions: defendant's, Riley Bennett Egloff, LLC ("RBE"), Motion for Summary Judgment (Dkt. No. 88), RBE'S Motion *in Limine* and Request for Protective Order (Dkt. No. 92), RBE's Motion to Strike Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 104), plaintiff's, Neil Lucas ("Lucas"), Motion to Strike Affirmative Defenses (Dkt. No. 109), RBE's Motion to Exclude Expert Testimony (Dkt. No. 125), and RBE's Motion for Involuntary Dismissal and/or Judgment as a Matter of Law (Dkt. No. 127).

The Court disposes of most of the issues raised in these motions in short order. The parties have confused the issues by relying on inapplicable standards of law. RBE maintains that Lucas asserts a claim for legal malpractice, against which it is entitled to assert an affirmative defense based on the business judgment rule. On the other hand, Lucas argues that RBE's liability stems from its duty as an escrow agent. The parties arguments based on these theories is misplaced.

In an April 11, 2008, Order, the Court discussed the appropriate standard for this case:

> The Indiana Court of Appeals has clearly stated that an appointed receiver may be held liable in negligence when he has breached a duty owed to either creditors or others with whom the receiver is in privity, or held liable for other misconduct in the administration of the receivership, including the distribution of assets. *Keybank Nat'l Ass'n v. Shipley*, 846 N.E.2d 290, 295-96 (discussing, *inter alia*, *ISP.com LLC v. Theising*, 805 N.E.2d 767, 772, 775 (Ind. 2004), *reh'g denied*; *Keybank Nat'l Ass'n v. Michael*, 737 N.E.2d 834 (Ind. Ct. App. 2000) ("*Michael*")) ("*Shipley*"). Specifically, the *Shipley* court cited with approval the outlines of receiver liability set forth in CORPUS JURIS SECUNDUM and in AMERICAN JURISPRUDENCE, SECOND EDITION. *Id.* at 296 (citing 75 C.J.S. *Receivers* § 192 (2002); 65 AM. JUR. 2D *Receivers* § 298 (2001)). CORPUS JURIS SECUNDUM teaches that "[a] receiver who acts outside his statutory authority or orders of the appointing court, or who is guilty of negligence or misconduct in the administration of the receivership, is personally liable for any loss resulting therefrom." 75 C.J.S. *Receivers* § 192 (2002). Similarly, AMERICAN JURISPRUDENCE, SECOND EDITION teaches that "[a] receiver is personally liable for improper distribution of assets." 65 AM. JUR. 2D *Receivers* § 298 (2001).

Dkt. No. 56 at 3.

This case presents a claim against a receiver for the alleged breach of the duties it owed to one of the receivership's creditors or one with whom the receiver was in privity. Lucas does not assert a claim for legal malpractice, nor does he present a claim against an escrow agent. Likewise, the business judgment rule has no place in this litigation. As the receiver, RBE was an arm of the Court, not the fiduciary of a corporation. Finally, although expert testimony could potentially aid the trier of fact, the standard above does not require Lucas to present expert testimony in order to meet his burden of production at trial.

2

As to RBE's Motion for Summary Judgment,[1] RBE relies upon standards other than the standard provided above.  Therefore, the Motion is **DENIED**.  In addition, RBE argues that Lucas waived his claim, and that Lucas's claim is barred by the doctrine of laches.  First, the Court concludes that throughout this litigation the parties were well aware of the issues and arguments that would be presented by either party; therefore, Lucas's Motion to Strike RBE's Affirmative Defenses is **DENIED**.  The Court concludes there are triable issues of fact under Rule 56 for the finder of fact to decide.  Consequently, RBE's Motion for Summary Judgment on those defenses is **DENIED**.

Similarly, RBE's Motion for Involuntary Dismissal and/or for Judgment as Matter of Law is **DENIED**.  Unlike a claim for legal malpractice, this matter does not require expert testimony on the appropriate legal standard.

The Court will address the remaining motions at the Final Pretrial Conference set for February 26, 2010, at 2:00 p.m.  In addition to all other issues to be discussed in preparation for trial, the parties should be prepared to discuss: (1) whether RBE's Motion *in Limine* and Request for Protective Order (Dkt. No. 92) is moot, or whether it requires a

---

[1] RBE's Motion to Strike (Dkt. No. 104) portions of Lucas's response in opposition to RBE's Motion for Summary judgment is **DENIED**.  S.D.Ind. L.R. 56.1(f) ("Collateral motions in the summary judgment process, such as motions to strike, are disfavored.  Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs.").

ruling from the Court; and (2) RBE's Motion to Exclude Expert Testimony (Dkt. No. 125), including the specific testimony from Lucas that RBE wishes to exclude.

    IT IS SO ORDERED this 12th day of February, 2010.

                              LARRY J. McKINNEY, JUDGE
                              United States District Court
                              Southern District of Indiana

Distribution to:

David J. Beach
EICHHORN & EICHHORN LLP
dbeach@eichhorn-law.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Gregory Allen Crisman
EICHHORN & EICHHORN LLP
gcrisman@eichhorn-law.com

Mary Terese Doherty
TAFT STETTINIUS & HOLLISTER LLP
mdoherty@taftlaw.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

David Charles Jensen
EICHHORN & EICHHORN
djensen@eichhorn-law.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com